**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tanya Winters, | No. CV-18-03323-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is Defendant Commissioner of Social Security Administration's (hereinafter, "Defendant") Motion to Dismiss Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Doc. 38). For the reasons set forth below, the Court will dismiss Plaintiff's Amended Complaint (Doc. 35) for lack of subject-matter jurisdiction.

## I. BACKGROUND

On May 25, 2012, an Administrative Law Judge ("ALJ") found that Plaintiff had been disabled under the Social Security Act since February 22, 2009. (Doc. 32-1 at 28). This decision noted that the Social Security Administration ("SSA") would later advise Plaintiff regarding the non-disability requirements for Supplemental Security Income ("SSI") payments and, if Plaintiff was eligible, the amount and the months for which payment would be made. *Id.* On July 10, 2012, the SSA notified Plaintiff that she met the requirements to receive SSI as of July 2010 based on being disabled, and that she was eligible for back payments totaling $1,836.82. (*Id.* at 29–30). The SSA also advised

Plaintiff that, as a result of excess income and resources, she was not eligible to receive SSI payments for June 2010, for August 2010 through July 2011, and for April 2012 on. (*Id.* at 31). Although Plaintiff asked the SSA to review this determination, on July 26, 2013, an ALJ determined that Plaintiff continued to be ineligible for SSI payments since June 2010 because her income and resources exceeded the allowable limit. (*Id.* at 70–72).

On August 21, 2015, Plaintiff again applied for SSI, but her application was denied via a Notice of Disapproved Claim dated October 16, 2015 because she continued to have too much income to be eligible for SSI. (*Id.* at 90). On October 30, 2015, Plaintiff filed a reconsideration request, which was denied after a formal conference on November 23, 2015. (*Id.* at 116, 119). Thereafter, Plaintiff requested a hearing with an ALJ to review the SSA's denial of her reconsideration request, (*id.* at 123–25), which was held August 16, 2017. (*Id.* at 14). On November 14, 2017, an ALJ affirmed the Notice of Disapproved Claim from October 16, 2015 based on the finding that Plaintiff continued to be ineligible for the receipt of SSI because she had income and/or resources in excess of the allowable amount. (*Id.* at 14–15). That same day, the SSA issued a Notice of Unfavorable Decision, which instructed Plaintiff that if she wished to appeal the unfavorable decision to the Appeals Council, she must file a written appeal within 60 days from the date she received that notice. (*Id.* at 10–12). On June 18, 2018, the Appeals Council issued a letter entitled "Notice of Appeals Council Action" notifying Plaintiff that it had denied her request for review, and instructing her that she has 60 days to file a civil action or else could ask the Appeals Council for an extension of her time to file. *(Id.* at 6–9). Plaintiff was granted an extension of time within which to commence a civil action through October 15, 2018. (*Id.* at 5).

On October 15, 2018, Plaintiff filed her original Complaint in this case, seeking review of the decision regarding SSI under Title XVI of the Social Security Act. (Doc. 1 at 2). Plaintiff's Complaint alleges that the Commissioner's factual findings are not supported by substantial evidence and were based on legal error because "Plaintiff is wrongfully said to have a Social Security 'adult-child.'" (*Id.* at 3). On March 25, 2019,

Defendant filed an Answer to Plaintiff's original Complaint and the Certified Administrative Record. (Docs. 30, 32). Plaintiff filed the Amended Complaint at issue here on March 28, 2019. (Doc. 35).[1] In her Amended Complaint, Plaintiff states that the basis for federal court jurisdiction is federal question under 28 U.S.C. § 1331, and lists the specific statutes at issue as 28 U.S.C. § 1331, 42 U.S.C. § 1983, and the Americans with Disability Act of 1990. (*Id.* at 3). Although Plaintiff does not check the box indicating that the basis for federal court jurisdiction is diversity of citizenship, she alleges an amount in controversy over $75,000 because she believes she is owed more than 10 years' worth of benefits which have not been disbursed to her. (*Id.* at 4).

On May 14, 2019, Defendant filed a Motion to Dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Doc. 38). Defendant argues that the Court does not have jurisdiction to review the Social Security Administrator's decision under 42 U.S.C. § 405(g), because Plaintiff has failed to fully exhaust her administrative remedies, and because 42 U.S.C. § 405(h) bars suits brought under 28 U.S.C. § 1331 challenging the SSA's decisions. (*Id.* at 5–6). Plaintiff filed an affidavit in response, but does not address Defendant's jurisdictional arguments. (*See* Doc. 44).[2]

## II. LEGAL STANDARD

The defense of lack of subject matter jurisdiction may be raised at any time by the parties or by the court. *See* Fed. R. Civ. P. 12(h)(3). Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, dismissal is appropriate when the court lacks subject matter

---

[1] Plaintiff's Amended Complaint "supersedes the original, the latter being treated thereafter as nonexistent." *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015 (citation and internal quotation marks omitted).

[2] On August 2, 2018, Plaintiff filed two civil actions in this Court purporting to be appeals of a denial of social security disability benefits: CV 18-2467-PHX-JAT, and CV 18-2468-PHX-JAT. CV 18-2467 was dismissed without prejudice for failure to comply with court orders. On October 15, 2018, Plaintiff filed two additional civil actions in this Court again purporting to be appeals of denials of social security benefits: CV 18-3322-PHX-JAT and CV 18-3323-PHX-JAT (the case at issue here). Finding that CV 18-3322 was duplicative of CV 18-2468, as both cases sought disability insurance benefits, the Court dismissed CV 18-3322 without prejudice. Because in the present action (CV 18-3323) Plaintiff seeks supplemental security income, it was allowed to proceed. The Court has since dismissed CV 18-2468 for lack of subject matter jurisdiction.

jurisdiction over a claim. Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction" and may only hear cases as authorized by the Constitution or Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted); *see also Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) ("The party asserting jurisdiction has the burden of proving all jurisdictional facts.") (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Fenton v. Freedman*, 748 F.2d 1358, 1359, n.1 (9th Cir. 1984)). Accordingly, on a motion to dismiss for lack of subject matter jurisdiction, the plaintiff must demonstrate that subject matter jurisdiction exists to defeat dismissal. *See Kokkonen*, 511 U.S. at 377. When considering a motion to dismiss pursuant to Rule 12(b)(1), the district court may review any evidence to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) (citing *Land v. Dollar*, 330 U.S. 731, 735 n. 4 (1947) ("[W]hen a question of the District Court's jurisdiction is raised . . . the court may inquire by affidavits or otherwise, into the facts as they exist.")).

### III. ANALYSIS

The United States and its agencies, including the SSA, are immune from suit absent a waiver. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). "Sovereign immunity is jurisdictional in nature." *Id.* "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "[W]here a statute creates a right and provides a special remedy, that remedy is exclusive." *United States v. Babcock*, 250 U.S. 328, 331 (1919).

The Social Security Act contains a limited waiver of sovereign immunity and provides the sole avenue for judicial review of any claim arising under the Act, including claims under Titles II and XVI. *See* 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or

governmental agency except as herein provided."). The remedy provision in section 405(g) provides in relevant part:

> Any individual, after any *final decision* of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. . . .

42 U.S.C. § 405(g) (emphasis added). "This provision clearly limits judicial review to a particular type of agency action, a 'final decision of the Secretary made after a hearing.'" *Califano v. Sanders*, 430 U.S. 99, 108 (1977); *see also Matlock v. Sullivan*, 908 F.2d 492, 493 (9th Cir. 1990).

### A.   Exhaustion of Administrative Remedies

Defendant first argues that Plaintiff failed to exhaust her administrative remedies because Plaintiff never received a final decision from the Secretary—a preequisite for the Court's subject-matter jurisdiction. (Doc. 38 at 7).

The Social Security Act "does not define 'final decision,' instead leaving it to the SSA to give meaning to that term through regulations." *Sims v. Apfel*, 530 U.S. 103, 106 (2000) (citing 42 U.S.C. § 405(a); *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975)). These SSA regulations provide that, "if the Appeals Council grants review of a claim, then the decision that the Council issues is the Commissioner's final decision." *Sims*, 530 U.S. at 106–07. However, if the Appeals Council "denies the request for review, the ALJ's opinion becomes the final decision." *Id.* at 107 (citing 20 CFR §§ 404.900(a)(4)-(5), 404.955, 404.981, 422.210(a) (1999)).[3] "Finally, [i]f a claimant fails to request review from the

---

[3] The Social Security Regulations provide the procedural framework for seeking administrative review of disability claims and explain the claimant's right to judicial review after the claimant has "taken all the necessary administrative steps." 20 CFR § 404.900(a). The first step in the administrative review process is an initial determination, which is binding unless a claimant requests reconsideration of the initial determination at the second step. *Id.* §§ 404.900(a)(1)-(2), 404.905. If the claimant is dissatisfied with the reconsideration determination, then the third step requires that the claimant request a

[Appeals] Council, there is no final decision and, as a result, no judicial review in most cases." *Id.* (citing 20 C.F.R. § 404.900(b); *Bowen v. City of New York*, 476 U.S. 467, 482–83 (1986)). "In administrative-law parlance, such a claimant may not obtain judicial review because he has failed to exhaust administrative remedies." *Id.* (citing *Salfi*, 422 U.S. at 765–66).

In support of its argument that Plaintiff has failed to exhaust her administrative remedies, Defendant cites *Winters v. Comm'r of Soc. Sec. Admin.*, No. CV-18-02468-PHX-JAT, 2019 WL 1531888, at *4 (D. Ariz. Apr. 9, 2019), a case involving the same plaintiff as this one. (Doc. 38 at 7). In that case, the Court noted that there was "no evidence that a final decision has been reached regarding Plaintiff's *2010 application for Title II disability benefits*[,]" nor any evidence of an Appeals Council's decision or denial of review. *Winters*, 2019 WL 1531888 (emphasis added). Nevertheless, that case is inapposite. The case at bar concerns Plaintiff's application for SSI. Further, the Administrative Record in this case demonstrates that the Commissioner did, in fact, render a final decision as to Plaintiff's SSI application on June 18, 2018. (Doc. 32-1 at 6–9). The Appeals Council denied Plaintiff's request for review of the ALJ's decision concerning her SSI application, (Doc. 32-1 at 6–9), thus making the ALJ's decision final. *See Sims*, 530 U.S. at 107 (citing 20 CFR §§ 404.900(a)(4)-(5), 404.955, 404.981, 422.210(a) (1999)). Accordingly, Plaintiff did not fail to exhaust her administrative remedies.[4]

---

hearing before an ALJ. *Id.* § 404.900(a)(3). The ALJ's decision is binding if the claimant does not seek the fourth step of Appeals Council review within 60 days after she receives notice of the hearing decision. *Id.* §§ 404.900(a)(4), 404.955, 404.968(a)(1). The Appeals Council may deny the request for review, thus making the ALJ's decision final, or review the case and issue its own final decision. *Id.* §§ 404.900(a)(5) ("When you have completed the steps of the administrative review process listed in paragraphs (a)(1) through (a)(4) of this section, we will have made our final decision. If you are dissatisfied with our final decision, you may request judicial review by filing an action in a Federal district court."), 404.955, 404.967, 404.981, 422.210(a). "The Act and regulations thus create an orderly administrative mechanism, with district court review of the final decision of the [Commissioner.]" *Califano*, 430 U.S. at 102.

[4] Although Plaintiff did, in fact, exhaust administrative remedies and properly asserted jurisdiction under 42 U.S.C. § 405(g) in her *original* complaint, (Doc. 1 at 2), Plaintiff's Amended Complaint does not assert jurisdiction under § 405(g), (*see* Doc. 35). Because Plaintiff's Amended Complaint "supersedes the original, the latter being treated thereafter as nonexistent[,]" *Ramirez*, 806 F.3d at 1008, the Court is unable to find that there is subject-matter jurisdiction based on Plaintiff's original complaint. *See Garcia v.*

**B.     Whether Plaintiff's Case is Properly Brought Under 28 U.S.C. § 1331**

Defendant also argues that Plaintiff's Amended Complaint should be dismissed because claims arising under the Social Security Act cannot be brought under 28 U.S.C. § 1331. (Doc. 38 at 6).

Under the Social Security Act, "Section 405(h) purports to make exclusive § 405(g)'s judicial review method." *Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1, 2 (2000). To that end, the Social Security Act provides:

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. *No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of title 28* to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h) (emphasis added).

The Supreme Court has broadly interpreted § 405(h)'s third sentence by holding that the phrase "arising under" the Act includes "a claim in which 'both standing and the substantive basis for the presentation' of the claim is the Social Security Act." *See Hooker v. United States Dep't of Health and Human Servs.*, 858 F.2d 525, 529 (9th Cir. 1988) (quoting *Salfi*, 422 U.S at 760–61). A "typical" case arising under the Social Security Act is one "where an individual seeks a monetary benefit from the agency (say, a disability payment, or payment for some medical procedure), the agency denies the benefit, and the individual challenges the lawfulness of that denial." *Shalala*, 529 U.S. at 10. Section 405(h) precludes subject-matter jurisdiction under § 1331 in such a case, regardless of whether the

---

*Am.'s Servicing Co.*, No. 1:10-CV-789 AWI-GSA, 2010 WL 3367037, at *1 (E.D. Cal. Aug. 24, 2010) (remanding a case to state court because the voluntarily-filed amended complaint failed to allege subject matter jurisdiction as the original complaint had); *see also King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012).

individual challenges the agency's denial on constitutional grounds, *see Weinberger*, 422 U.S. at 760–61, FTCA-based grounds for wrongful disability determinations, *see Hooker*, 858 F.2d at 529–30, or *Bivens*-based due-process grounds for the wrongful termination of benefits, *see Schweiker v. Chilicky*, 487 U.S. 412, 413 (1988). Claims that arise under the Social Security Act but are not properly brought under § 405(g), must be dismissed for lack of subject matter jurisdiction. *See* 42 U.S.C. § 405(h); *Lopez v. Gumushyan*, No. 16-CV-07236-LB, 2017 WL 2118313, at *4–5 (N.D. Cal. May 16, 2017) (dismissing plaintiff's complaint for lack of subject-matter jurisdiction because plaintiff's claims were barred by sovereign immunity where the court determined that the plaintiff's tort and constitutional based claims based on the defendants' alleged improper disability determination were, "at their core, 'typical' claims for Social Security benefits" and accordingly, improperly brought under 28 U.S.C. § 1331); *Keovongsa v. Colvin*, No. 16-CV-842-BTM-NLS, 2016 WL 6962748, at *2 (S.D. Cal. Nov. 28, 2016) (dismissing the plaintiff's fifth cause of action requesting relief under the APA for lack of subject matter jurisdiction because that APA claim arose under the Social Security Act, so federal-question jurisdiction was barred under 42 U.S.C. § 405(h))

Here, Plaintiff's Amended Complaint seeks review of the SSA's finding that her disability onset date was February 2009, and not June 1, 1998, stating:

> June 1, 1998 Injuries including but not limited to a Traumatic Brain Injury is sustained . . . Finally the Office of Disability Adjudication and Review [of SSA] gives a disability "on-set" date of (February 2009) due to the Stipulation Agreement and retroactive SSD benefits of only 4 years, as seen on the dated Decision (May 25, 2012). It is now known the many waisted [sic] years of only 'attempting' to receive what is desperately over due for survival.

(Doc. 35 at 4).

Plaintiff seeks relief for 128 months of benefits that she has not received. (*Id.*). Plaintiff disputes the findings of the ALJ, stating that "Plaintiff see's [sic] on denials the

Plaintiff is being falsely accused of having or being an 'Adult Child,'" and that "the Department of Economic Security . . . is also falsely using a Medicare Premium as an 'income or resource' in which is then used to deny benefits." (Doc. 44 at 2). As in *Lopez*, 2017 WL 2118313, at *4–5, Plaintiff's claims, at their core, are "typical" claims for Social Security benefits which arise under the Social Security Act. This suit is thus rooted in the way the SSA reviewed and decided Plaintiff's application for SSI benefits. Accordingly, because Plaintiff's Amended Complaint improperly asserts jurisdiction under 28 U.S.C. § 1331 rather than under 42 U.S.C. § 405(g), it must be dismissed for lack of subject matter jurisdiction.[5]

## V. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion to Dismiss the Amended Complaint (Doc. 38) pursuant to Fed. R. Civ. P. 12(b)(1) is **GRANTED.** Plaintiff's Amended Complaint (Doc. 35) is dismissed without prejudice.[6]

Dated this 8th day of August, 2019.

James A. Teilborg
Senior United States District Judge

---

[5] As this case must be dismissed for lack of subject matter jurisdiction, the Court need not address Defendant's 12(b)(6) motion.

[6] A dismissal for lack of subject matter jurisdiction, because it does not go to the merits of the case, is without prejudice. *See Hampton v. Pac. Inv. Mgmt. Co. LLC*, 869 F.3d 844, 846 (9th Cir. 2017); Fed. R. Civ. P. 41(b).